On appellant's petition for reconsideration filed December 12, 1988, reconsideration allowed and former opinion (94 Or App 181, 764 P2d 622) adhered to February 22, reconsideration denied April 21, petition for review denied May 31, 1989 (308 Or 79)

## STATE OF OREGON,
*Respondent,*

*v.*

## KEVIN EUGENE GRIMM,
*Appellant.*

(86C-21520; CA A47650)

769 P2d 238

Ingrid A. MacFarlane and Gary D. Babcock, Public Defender, Salem, for appellant.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

WARDEN, P. J. pro tempore.

**WARDEN, P. J. pro tempore.**

Defendant seeks Supreme Court review of our decision, 94 Or App 181, 764 P2d 622 (1988), in which we affirmed the trial court's re-imposition of one gun minimum sentence under ORS 161.610. We treat the petition as one for reconsideration, ORAP 10.10, allow reconsideration and affirm our decision.

Defendant pled guilty in Marion County Circuit Court to two counts of assault in the third degree with a firearm. The court imposed two five-year gun minimum sentences. Defendant then sought post-conviction relief in the Umatilla County Circuit Court on the ground that his trial attorney had failed to advise him that a mandatory minimum sentence could be imposed under ORS 161.610 on his convictions for assault in the third degree. The post-conviction court ordered that the minimum sentences be "stricken, declared void and of no further force or effect" and remanded to the original trial court for resentencing "without the five year mandatory minimum sentence for use of a gun under ORS 161.610."

On resentencing, the trial court advised defendant that a mandatory minimum sentence could be imposed under ORS 161.610 and offered defendant an opportunity to withdraw his guilty pleas, which defendant declined to do. The trial court then re-imposed both mandatory gun minimum sentences. On appeal, we vacated one five-year minimum sentence and otherwise affirmed.

Defendant argues that the trial court was without authority to re-impose the same minimum sentences after the post-conviction court ordered those sentences stricken and declared void. ORS 161.610 requires that the sentencing court impose a gun minimum sentence, unless there are mitigating circumstances.[1] The trial court noted:

---

[1] ORS 161.610 provides, in pertinent part:

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(2), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, *the court shall impose* at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime

"[ORS] 161.610 which provides for mandatory minimums for gun sentences makes it mandatory unless there's an affirmative finding by the Court [that] there are mitigating circumstances. I have no factual basis upon which to make that finding and, therefore, I'm mandated by statute under the facts of this case to enter the gun minimums."

The trial court's conclusion was correct. The post-conviction court lacked the authority to require the sentencing court to impose a sentence other than that required by the statute.

Reconsideration allowed; former decision adhered to.

---

shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.

"(5) If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (4) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing." (Emphasis supplied.)